**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| FINANCIAL HOLDINGS, INC., ) | Case No. 15-51187 |
| ) | |
| DEBTOR. ) | Chapter 11 |
| ) | |

**ORDER AUTHORIZING DEBTOR TO OBTAIN SECURED POST-PETITION
FINANCING WITH SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS;
AND GRANTING RELATED RELIEF**

THIS MATTER is before this court on the motion (the "Motion") [Docket No. ___][1] dated June 16, 2015 of the above-captioned debtor and debtor-in-possession (the "Debtor"), seeking entry of an order authorizing the Debtor to obtain secured, post-petition financing from WPB-AFB, LLC (the "DIP Loan" and "DIP Lender," respectively), with superpriority administrative expense status, and granting related relief; and the Court having reviewed and considered (a) the Motion, (b) the declarations in support thereof, (c) the objections to the Motion, if any, and (d) the arguments of counsel made, and the testimony and other evidence proffered or adduced at the hearing on the Motion (the "Hearing"); and it appearing that the relief requested in the Motion is in the best interest of the Debtor, its estate and creditors and other parties in interest; and upon the record of the Hearing and the above-captioned chapter 11 case (the "Chapter 11 Case"); and after due deliberation thereon; and good cause appearing therefore,

THIS COURT HEREBY FINDS AND DETERMINES THAT:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings assigned to them in the Motion or the DIP Financing Agreement (as that term is defined below), as applicable.

A.  On June 16, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor is a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

B.  This court has jurisdiction over the Chapter 11 Case and the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2)(D).

C.  The Debtor acknowledges that, as of the Petition Date, it was the borrower under (the succeeding agreements in this paragraph are collectively referred to herein as the "Senior Secured Loan") that certain that certain Revolving Credit Promissory dated April 27, 2006 made by Seller and payable to the order of WPB-AFB, LLC (as assignee of U.S. Bank) (the "Prepetition Secured Lender") in the principal amount of $15,000,000 as modified to date, that certain Letter Agreement dated April 27, 2006, between Seller and Prepetition Secured Lender as modified to date and that certain Stock Pledge Agreement dated April 27, 2006, between Seller and Prepetition Secured Lender as modified to date. The Debtor acknowledges that the Senior Secured Loan is secured by the shares of capital stock of the Kentucky banking corporation American Founders Bank, Inc. (the "AFB Shares").

D.  The DIP Lender is only willing to make the DIP Loan, consisting of an interest-bearing non-revolving draw facility of up to 70,000, available to the Debtor pursuant to the terms in conditions set forth in this order and that certain *Debtor-in-Possession Financing Agreement*, dated as of June 16, 2015, between and among the Debtor and DIP Lender (attached to the Motion as **Exhibit A**, the "DIP Financing Agreement").

E.  A critical need exists for the Debtor to obtain funds in order to fund the administrative expenses associated with the bankruptcy process. In the absence of the DIP Loan,

2

the Debtor's continued efforts to maximize the value of estate assets would be jeopardized, to the detriment of the Debtor's estate and other parties in interest. At the Hearing, this court considered representations and offers of proof made by the Debtor's counsel and/or testimony regarding the necessity for credit under the terms and conditions set forth in the DIP Financing Agreement.

F. Notice of the Hearing and the relief requested in the Motion has been given to all creditors and equity holders listed in the Debtor's schedules, as well as those parties set forth in the Master Service List approved by this Court.

G. Based on the foregoing representations and the record presented to this court at the Hearing, this Court finds that: (1) the DIP Loan is proposed in good faith, and any credit extended and loans made to the Debtor as part of the DIP Loan shall be deemed to have been extended, issued or made, as the case may be, in good faith by the DIP Lender; (2) the terms of the DIP Loan, the DIP Financing Agreement, and this order are fair and reasonable, are ordinary and appropriate under the circumstances, reflect the Debtor's exercise of prudent business judgment consistent with their fiduciary duties, and, with respect to the DIP Loan and DIP Financing Agreement, are supported by reasonably equivalent value and fair consideration. This court concludes that entry of this order is in the best interest of the Debtor's estate and its creditors.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is granted and the DIP Financing Agreement is approved, subject to the terms and conditions of this order, and the Debtor is authorized to execute and enter into the DIP Financing Agreement.

2. In accordance with section 364(c) of the Bankruptcy Code, the DIP Loan shall constitute administrative expense claims with priority in payment over any and all other administrative expenses of the kinds specified or ordered pursuant to any provision of the Bankruptcy Code, including, without limitation, sections 105, 326, 328, 330, 331, 503(b), 507(a), 506(c), 507(b), 546(c), 726 and 1114 of the Bankruptcy Code (the "Superpriority Claims"), with the exception of claims of the Prepetition Secured Lender arising under section 507(b) of the Bankruptcy Code, if any, and shall at all times be senior to the rights of the Debtor, any subsequently-appointed chapter 7 or chapter 11 trustees and the general unsecured creditors of the Debtor. The Debtor is authorized and directed to execute, deliver, perform and comply with the terms and covenants in the DIP Financing Agreement, and in any other loan documents entered into by the Debtor and the DIP Lender evidencing the DIP Loan.

3. The DIP Loan shall be a secured obligation of the bankruptcy estate, with a security interest in: (a) as set forth in the DIP Financing Agreement, the AFB Shares (subordinate to the security interest in those shares of the Prepetition Secured Lender); and (b) in addition to the terms and conditions set forth in the DIP Financing Agreement, any deposits forfeited by bidders under any bidding process for the sale of the AFB Shares. Each and every federal, state, and local governmental agency, court or department is authorized and directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by this order and the DIP Financing Agreement. The Debtor shall take such further steps and execute such further documents, assignments, instruments and papers as shall be reasonably requested by the DIP Lender to implement and effectuate the security interests contemplated in this paragraph.

4.  In addition to the terms and conditions set forth in the DIP Financing Agreement, the following shall also constitute Maturity Events (as such term is defined in the DIP Financing Agreement): (a) the failure of the Debtor to perform in any material respect any of its obligations under order; (b) the entry of any order modifying, reversing, revoking, staying, rescinding, vacating or amending this order without the express prior written consent of the DIP Lender (and no such consent shall be implied from any other action, inaction or acquiescence by the DIP Lender); (c) the filing of a plan of reorganization by any party in interest which does not provide for the full and indefeasible payment of the DIP Loan upon confirmation or as otherwise authorized by the DIP Lender; and (d) the Debtor filing a motion or application seeking entry of an order, or an order being entered, to revoke, reverse, stay the implementation of, modify, supplement or amend this order.  If a Maturity Event or Breach (as such term is defined in the DIP Financing Agreement) occurs, the DIP Lender may take any action or exercise any right or remedy available to it under the DIP Financing Agreement, this order or law.

5.  The Debtor is hereby required to deliver to the DIP Lender such other financial and other information concerning the business and affairs of the Debtor as the DIP Lender may reasonably request from time to time.

6.  The transactions contemplated by the DIP Loan are not intended to provide the DIP Lender with sufficient control over the Debtor so as to subject the DIP Lender to any liability in connection with the management of the Debtor's businesses or any of the Debtor's properties.  By providing the DIP Loan or taking any actions pursuant to this order, the DIP Lender shall not: (1) be deemed to be in control of the operations or liquidation of the Debtor; or (2) be deemed to be acting as a "responsible person" or "owner or operator" with respect to the operation, management or liquidation of the Debtor.

5

7. The provisions of this order and any actions taken pursuant hereto shall survive entry of any order which may be entered, including, without limitation, any order (a) converting the Chapter 11 Case to chapter 7 or (b) dismissing the Chapter 11 Case, and the terms and provisions of this order and the DIP Financing Agreement, as well as the superpriority claims and security interests granted pursuant to this order and the DIP Financing Agreement, shall continue in full force and effect notwithstanding the entry of such order or orders, and such superpriority claims and security interests shall maintain their priority as provided by this order until the DIP Loan is indefeasibly paid in full and discharged by the Debtor or the DIP Loan is otherwise waived by the DIP Lender.

8. The Debtor is authorized and directed to perform all acts, and execute and comply with the terms of such other documents, instruments and agreements as the DIP Lender may reasonably require, as evidence of and for the protection of the DIP Loan, or which otherwise may be deemed reasonably necessary by the DIP Lender to effectuate the terms and conditions of this order.

9. The terms of this order shall be valid and binding upon the Debtor, its creditors, and other parties in interest from and after the date of this order. In the event this court modifies any of the provisions of this order following any hearing, such modifications shall not affect the rights and priorities of the Prepetition Secured Lender and the DIP Lender pursuant to this order, and this order shall remain in full force and effect except as specifically amended or modified at such hearing.

10. Any finding of fact set forth in this order that is a conclusion of law will be deemed to be a conclusion of law incorporated by reference in these conclusions of law as though fully set forth herein.

Tendered by:

STOLL KEENON OGDEN PLLC

/s/ Adam M. Back
Adam M. Back
Jessica L. Haurylko
300 West Vine Street, Suite 2100
Lexington, Kentucky 40507
Telephone: (859) 231-3000
Facsimile: (859) 253-1093
E-mail: adam.back@skofirm.com
       jessica.haurylko@skofirm.com

*Proposed Counsel for the Debtor and Debtor in Possession*

**Pursuant to KYEB LBR 9022-1(b), tendering counsel shall cause a copy of this Order to be served on all non-ECF parties entitled to notice and shall file a certificate of service stating the names, manner and date of service within 7 days of the entry hereof.**

115449.152190/4393148.3