**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| FINANCIAL HOLDINGS, INC., ) | Case No. 15-51187 |
| ) | |
| DEBTOR. ) | Chapter 11 |
| ) | |

**MOTION FOR ENTRY OF ORDER SCHEDULING EXPEDITED HEARINGS AND SHORTENING NOTICE ON RELIEF REQUESTED IN THE SALE MOTION**

Comes Financial Holdings, Inc., as debtor and debtor in possession ("FHI" or the "Debtor"), and pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rules 2002-1(b) and 9014-1(b), hereby files its Motion for entry of an order: (i) scheduling hearings on the Debtor's *Motion for an Order (I) Approving (A) Bidding Procedures, (B) Bidding Protections, (C) WPB-AFB, LLC or its Assignee as Stalking Horse Bidder, (D) the Form and Manner of the Notice of the Sale of the Bank Common Stock, and (E) Other Related Relief; and (II) Authorizing and Approving the Sale of the Bank Common Stock Free and Clear of Liens, Claims and Encumbrances* (the "Sale Motion"); and (ii) shortening the associated notice periods (the "Motion for Expedited Hearing"). In support of this Motion, the Debtor respectfully states as follows:

**PRELIMINARY STATEMENT**

1.  Simultaneously with the filing of its chapter 11 case, the Debtor filed its Sale Motion, which seeks authority to effectuate the Sale[1] of the Bank Common Stock. The Sale Motion also requests that the Court approve the proposed procedures, and certain other related relief, that will govern the Sale and, if necessary, the Auction (the "Bidding Procedures"). The

---
[1] Any capitalized term not otherwise defined herein shall have the meaning ascribed to it in the Sale Motion.

Debtor and WPB-AFB, LLC or its assignee (the "Stalking Horse Bidder") are concerned that a lengthy bankruptcy proceeding could adversely affect the public perception and, therefore, the profitability of the Bank. Consummating the sale of the Bank Common Stock as quickly as reasonably possible will preserve the Debtor's minimal resources, maintain depositor confidence, and maintain the value of the Bank Common Stock.

2. In keeping with these concerns, section 5.10 of the Stock Purchase Agreement (the "SPA") executed between the Debtor and the Stalking Horse Bidder, which remains subject to the Court's approval, includes certain deadlines regarding the Sale Motion which must be satisfied, or the Stalking Horse Bidder can walk away from the SPA. Most notably for purposes of the instant Motion, section 5.10 provides that the Bidding Procedures must be approved on or before thirty-five (35) days after the Petition Date and that the Court must also conduct a Sale Hearing no later than sixty (60) days following the Petition Date.

3. Bankruptcy Rule 2002 provides that a motion to approve a sale of estate assets (and any associated sales procedures) requires a twenty-one (21) day notice period. Pursuant to Local Bankruptcy Rules 2002-1(b) and 9014-1(b) and Bankruptcy Rule 9006, the requisite notice period may be shortened in the discretion of the Court.

## FILING AND JURISDICTION

4. On June 16, 2015 (the "Petition Date"), FHI filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Kentucky, Lexington Division (the "Bankruptcy Court").

5. FHI is continuing in possession of its property and is managing its business and affairs as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) and may be determined by this Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. No trustee, examiner or official committee of unsecured creditors has been appointed in this case.

## BACKGROUND

8. FHI (formerly known as American Founders Bancorp, Inc.) is a single bank holding company, organized under the laws of the Commonwealth of Kentucky, that owns one hundred percent (100%) of the common stock of two subsidiaries, neither of which is a debtor in this case: (i) American Founders Bank, Inc. (the "Bank") and (ii) American Founders Statutory Trust I (the "Statutory Trust"). The Bank, in turn, owns one hundred percent (100%) of the voting common stock of American Founders Loan Corporation ("AFLC" and together with the Bank and the Statutory Trust, the "Non-Debtor Subsidiaries").

9. As of the Petition Date, FHI had outstanding secured indebtedness of at least $14,352,488 under that certain promissory note and related security documents (the "Senior Note") held by WPB-AFB, LLC ("WPB-AFB").

10. The Senior Note is secured by a first priority lien on FHI's 100% ownership interest in the Bank's Common Stock (the "Bank Common Stock" or the "Shares").

11. In April, 2006 the Statutory Trust issued $20.0 million of trust preferred securities (the "TruPS") to investors in a closed pooled private offering of 20,000 securities with liquidation amount of $1,000 per share. On the same day, FHI issued $20.6 million of Subordinated Debentures (the "Debentures") to the Statutory Trust in exchange for ownership of

3

all of the common equity of the Statutory Trust and the proceeds of the TruPS sold by the Statutory Trust.

12. Wilmington Trust is the trustee of the Statutory Trust and the indenture trustee for the Debentures. FHI is not considered the primary beneficiary of the Statutory Trust, and accordingly the Statutory Trust is not consolidated in FHI's financial statements.

13. In addition to FHI's default under the Senior Note, FHI has been in default due to its failure to pay scheduled interest payments on the Debentures since September 15, 2013.

14. Thus, as of the Petition Date, FHI also had outstanding unsecured indebtedness of $26,278,844 under the Debentures issued to the Statutory Trust.

15. As of FHI's June 1, 2015 balance sheet, FHI had a negative value of $27,042,299.63. As of March 31, 2015, the Bank's Tier 1 Leverage and Total Risk-Based capital ratios were 5.60% and 8.86%, respectively, well below the respective 8% and 12% required under the Amended Consent Order entered into by the Bank, the Federal Deposit Insurance Corporation, and the Kentucky Department of Financial Institutions on October 31, 2012. Based upon newly implemented banking regulations, it is projected that the Bank's Tier 1 Leverage and Total Risk-Based capital ratios will decline without drastic action by the Bank.

16. In the face of pending regulatory and financial obligations, FHI filed the instant bankruptcy case in order to consummate a certain proposed sale transaction by which FHI will sell, with Court approval, its primary asset, 100% of the Shares in the Bank, to WPB-AFB or its assignee, or another qualified bidder who makes a higher and better bid for the Shares (the "Sale").

17. The Sale is part of a series of transactions; including the transfer of Lexington branches of the Bank to City National Bank Inc. and the sale of certain OREO properties to

4

improve the Bank's capital structure, and the closing of each is dependent upon the closing of all (including necessary approval of the Court for the Sale and FDIC approval, as necessary).

18. The Sale and associated transactions (collectively, the "Global Transaction") are designed to save the Bank from FDIC receivership caused by a failure of the Bank while minimizing disruption to the Bank's depositors and community.

19. The Global Transaction is the only viable alternative FHI has identified after years of diligent and comprehensive marketing efforts to recapitalize the Bank through new capital, sell FHI as a whole, sell the Bank as a whole, or sell branches of the Bank in an effort to recapitalize.

20. In light of the current regulatory and financial challenges facing FHI, the Sale – along with the remaining components of the Global Transaction – represents the best avenue to maximize the value of FHI's assets while avoiding a failure of the Bank and is in the best interests of FHI and its estate.

21. Additional information about FHI's business and events leading to the Petition Date may be found in the Declaration of Barry C. Brauch in Support of First-Day Pleadings (the "Brauch Declaration"), which is incorporated herein by reference.

## RELIEF REQUESTED

23. Based upon the deadlines contained in the SPA, and the potential dissipation in the value of the Bank Common Stock which could result from a prolonged proceeding, the Debtor requests that the Court set a hearing (the "Bidding Procedures Hearing") to consider the applicable portions of the Sale Motion regarding the bidding and auction procedures for the Sale of the Bank Common Stock, the fees and expenses payable to WPB-AFB or its assignee as the Stalking Horse Bidder, and the form and manner of the notice of the Sale of the Bank Common Stock, on or before June 29, 2015. The Debtor further requests that the Court establish an

5

objection deadline on the date four (4) days prior to the Bidding Procedures Hearing, so that it may have adequate time to respond to any such objections.

24. Further, the Debtor requests that the Court schedule a hearing within sixty (60) days of the Petition Date to consider the remaining portions of the Sale Motion not addressed at the Bidding Procedures Hearing; specifically, to approve the applicable portions of the Sale Motion authorizing and approving the sale of the Bank Common Stock free and clear of liens, claims and encumbrances to the Stalking Horse Bidder or, as applicable, to the Successful Bidder (the "Sale Hearing"). The Debtor further requests that the Court establish an objection deadline on the date four (4) days prior to the Sale Hearing, so that it may have adequate time to respond to any such objections.

25. Cause exists to reduce the notice and objection period because (i) the SPA requires that the Bidding Procedures be approved within thirty-five (35) days of the Petition Date and that the Sale Hearing take place within sixty (60) days of the Petition Date, and (ii) any delay in consummating the sale of the Bank Common Stock may diminish depositor confidence and reduce the value of the Bank Common Stock. The requested notice and objection periods will still provide all parties in interest with sufficient time to object to the relief requested in the Sale Motion. Furthermore, the Debtor's secured creditor, its only unsecured creditors, and certain of the Debtor's regulators have been provided with advance notice of the Bidding Procedures.

## NOTICE

26. Notice of this Motion has been given via overnight delivery and/or electronic mail to the following parties: the U.S. Trustee for the Eastern District of Kentucky; the Debtor; all secured creditors of the Debtor, specifically, WPB-AFB, LLC and Dinsmore & Shohl, as counsel to WPB-AFB LLC; all unsecured creditors of the Debtor, specifically, Wilmington Trust Company in its capacity as (a) Institutional Trustee and Delaware Trustee of the American

6

Founders Statutory Trust I and (b) Debenture Trustee for the Fixed/Floating Rate Junior Subordinated Deferrable Interest Debentures Due 2036; and those equity shareholders of the Debtor holding a 1% or greater interest therein. In addition, notice of this Motion has also been given via U.S. Mail, postage prepaid, to the following parties: all equity shareholders of the Debtor with a 1% or less interest therein; the Internal Revenue Service; the Securities and Exchange Commission; the Kentucky Revenue Cabinet; the Kentucky Department of Financial Institutions; the FDIC; and the Federal Reserve Bank of St. Louis (collectively, the "Notice Parties"). The Debtor respectfully submits that, under the circumstances, no other or further notice is warranted.

## CONCLUSION

WHEREFORE, the Debtor requests that this Court enter an Order:

(i) Scheduling the Bidding Procedures Hearing on or before June 29, 2015;

(ii) Scheduling the Sale Hearing on or before July 31, 2015;

(iii) Establishing an objection deadline four (4) days prior to the Bidding Procedures Hearing, and the Sale Hearing, respectively; and, to the extent necessary, shortening the requisite notice and objection periods;

(iv) Permitting replies to any timely filed objection to the Sale Motion and the Bidding Procedures to be filed no later than twenty-four (24) hours prior to the Bidding Procedures Hearing and the Sale Hearing, respectively; and

(v) granting such other and further relief as the Court deems just and proper.

## **NOTICE OF HEARING**

Notice is hereby given that the foregoing Motion will be heard by the Court on June 19, 2015 at 9:00 a.m. (ET) or as soon thereafter as counsel may be heard in the United States Bankruptcy Court, 2nd Floor Courtroom, 100 East Vine Street, Lexington, Kentucky 40507.

        Respectfully submitted,

        STOLL KEENON OGDEN PLLC

        /s/ Adam M. Back
        Adam M. Back
        Jessica L. Haurylko
        300 West Vine Street, Suite 2100
        Lexington, Kentucky 40507
        Telephone: (859) 231-3000
        Facsimile: (859) 253-1093
        E-mail: adam.back@skofirm.com
                jessica.haurylko@skofirm.com

        *Proposed Counsel for the Debtor and Debtor in Possession*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served on this 16th day of June 2015, electronically upon all parties having entered an appearance in this case in accordance with the method established under this Court's CM/ECF Administrative Procedures, and to all Notice Parties via overnight delivery, postage prepaid, electronic mail, and/or regular U.S. Mail, postage prepaid, as further detailed hereinabove.

/s/ *Adam M. Back*
Proposed Counsel for the Debtor and
Debtor in Possession

115449.152190/4393494.7