**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| FINANCIAL HOLDINGS, INC., ) | Case No. 15-51187 |
| ) | |
| DEBTOR. ) | Chapter 11 |
| ) | |

**ORDER APPROVING (A) BIDDING PROCEDURES, (B) BIDDING PROTECTIONS, AND (C) THE FORM AND MANNER OF NOTICE OF THE SALE OF THE BANK COMMON STOCK AND GRANTING OTHER RELATED RELIEF**

This matter having come before the Court on the motion of Financial Holdings, Inc., as debtor and debtor in possession (the "Debtor") for an Order (I) Approving (A) Bidding Procedures, (B) Bidding Protections, (C) Approving WPB-AFB, LLC as the Stalking Horse Bidder, (D) the Form and Manner of the Notice of the Sale of the Bank Common Stock, and (E) Other Related Relief; and (II) Authorizing and Approving the Sale of the Bank Common Stock Free and Clear of Liens, Claims and Encumbrances (the "Sale Motion")[1]; and the Debtor, by the Sale Motion, having also requested the entry of an order (the "Bidding Procedures Order") (a) approving bidding procedures in connection with the Sale (the "Bidding Procedures"); (b) approving the Bidding Protections, the Minimum Overbid and bidding increments of no less than $100,000.00; (c) approving the form and manner of the notice that will be filed with this Court and served on all creditors and parties-in-interest regarding the Sale and the Sale Hearing (the "Sale Notice"); and (d) scheduling a hearing at which this Court will consider approval of the Sale; and the Debtor having determined that approving the Bidding Procedures, authorizing the Bidding Protections, and granting the other relief requested in the Sale Motion will induce

---

[1] All capitalized terms used, but not otherwise defined herein, shall have the meaning attributed to them in the Sale Motion.

competitive bidding for the Shares and will maximize the value of the Debtor's estate; and this Court having considered (i) the Sale Motion and exhibits thereto; (ii) arguments of counsel and all evidence tendered in support of the Bidding Procedures Order; and (iii) the opposition, if any, at a hearing for such purpose (the "Bidding Procedures Hearing"); and it appearing that the relief requested in the Sale Motion is in the best interests of the Debtor, its estate, its creditors, and other parties-in-interest; and it appearing that notice of the Sale Motion has been given as set forth in the Sale Motion and that no other or further notice need be given; and upon the record of the Bidding Procedures Hearing; and after due deliberation thereon; and good cause appearing therefore, it is hereby

**FOUND AND DETERMINED THAT:**[2]

A.     This Court has jurisdiction over this matter and over the property of the Debtor and its bankruptcy estate pursuant to 28 U.S.C. §§ 1134 and 157(a).  This is a core proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A), (N), and (O).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.     The Debtor has articulated good and sufficient reasons for approving the (i) Bidding Procedures; (ii) Bidding Protections; (iii) Stalking Horse Bidder; and (iv) form and manner of the Sale Notice.

C.     The Debtor has articulated good and sufficient reasons for scheduling the Sale Hearing.

D.     The Bidding Protections are beneficial to the Debtor's estate because they will ensure a competitive and efficient bidding process, they were necessary to induce the Stalking Horse Bidder to enter into the SPA, and they will enhance the Debtor's ability to maximize the

---

[2] Where appropriate, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact.  *See* Fed. R. Bankr. P. 7052.

2

value of its assets for the benefit of its creditors. The terms and conditions of the Bidding Protections are fair and reasonable and are the product of good faith, arm's length negotiations between the Debtor and the Stalking Horse Bidder.

E.    Under the circumstances, and particularly in light of the extensive prior marketing of the Shares, the Bidding Procedures constitute a reasonable, sufficient, adequate and proper means to provide potential competing bidders with an opportunity to submit and pursue higher or otherwise better offers for the Shares.

F.    Time is of the essence with respect to entry of this Bidding Procedures Order.

G.    The Sale Motion and this Bidding Procedures Order comply with all applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Sale Motion is granted to the extent set forth herein.

2.    The Bidding Procedures set forth in this Bidding Procedures Order shall be utilized in the marketing, negotiating, and consummating the sale of the Shares free and clear of all claims, liens, interests, and encumbrances. For the avoidance of doubt, the entry of this Bidding Procedures Order does not preclude submission of proposals for other types of transactions in lieu of the Debtor's current proposed sale of the Shares.

### Bidding Procedures

3.    The Bidding Procedures, as set forth in **Exhibit 1** hereto (and incorporated herein by reference as if fully set forth in this Bidding Procedures Order), are hereby approved and shall govern all proceedings related to the Sale, the SPA, and any subsequent bids for the Shares in this case.

4. The failure to specifically include or reference any particular provision of the Bidding Procedures in this Bidding Procedures Order shall not diminish or impair the effectiveness of such procedure, it being the intent of the Court that the Bidding Procedures be authorized and approved in their entirety.

5. Any person wishing to submit a higher or otherwise better offer for the Shares must do so in accordance with the terms of the Bidding Procedures.

6. The Debtor's investment banker shall take good faith and customary marketing measures prior to the auction, based on its reasonable judgment, including reaching out to potential bidders. Prior to the bid deadline and upon the request of Wilmington Trust, the Debtor shall provide Wilmington Trust with a list of the parties contacted by the Debtor's investment banker and the mode of contact for each party (phone, email, post, multiple modes, etc.)

### Bidding Protections

7. The Bidding Protections described in the SPA, the Sale Motion, and the Bidding Procedures (the "Sale Documents") are hereby approved and shall be enforceable as stated therein.

8. WPB-AFB, LLC is hereby authorized to serve as the Stalking Horse Bidder.

9. The Break-Up Fee is hereby approved, as an allowed administrative expense, in the amount of $429,121.87, which amount represents 3% of the maximum credit bid, and the Expense Reimbursement is hereby approved in an amount capped at $350,000.00, with such fees payable in accordance with the terms of the Sale Documents.[3] The Debtor is hereby authorized and directed to pay the Bidding Protections, subject to the terms and conditions of the Sale Documents; provided, however, that in no event will the Bidding Protections be paid in the

---

[3] In the event of any conflict between the terms of the SPA, the Sale Motion, and the Bidding Procedures as they each relate to the Bidding Protections, the applicable provisions of the SPA shall govern.

4

absence of a Sale Order, with the exception that any Overbidder's Deposit forfeited to the Debtor in accordance with the Bidding Procedures shall be immediately paid to the Stalking Horse Bidder subject to the terms and conditions set forth in the Bidding Procedures.  Notwithstanding the definition of Purchase Price in the SPA, the stalking horse bid by WPB-AFB, LLC shall be deemed to be $14,352,488 (and obligations to WPB-AFB, LLC under the Senior Secured Loan in excess of that amount, if any, may be credit bid by WPB-AFB, LLC during the auction); *provided*, *however*, that WPB-AFB, LLC is not thereby waiving any obligations owed by the Debtor to WPB-AFB, LLC under the Senior Secured Loan beyond its stalking horse bid; *provided*, *further*, that the stalking horse bid by WPB-AFB, LLC may be reduced thereafter in consultation with Wilmington Trust (as that term is defined below), upon the consent of the Debtor and WPB-AFB, LLC, and after providing notice of such change to the notice parties set forth below.

### Sale Hearing

10.    The Sale Hearing to consider approval of the Sale to the Stalking Horse Bidder (or to the Successful Bidder if an Auction is held) will take place on August 12, 2015 at 9:00 a.m. (prevailing Eastern Time) in the courtroom of the Honorable Gregory R. Schaaf in the United States Bankruptcy Court for the Eastern District of Kentucky, Lexington Division, 100 East Vine Street, Second Floor, Lexington, Kentucky 40507.  Objections to the entry of an order approving the Sale and the remaining relief requested in the Sale Motion must be made in writing and must be filed with the Court and served upon the following parties on or before August 11, 2015, at 11:00 a.m. (prevailing Eastern Time):  (i) counsel to the Debtor: Stoll Keenon Ogden PLLC, 300 West Vine Street, Suite 2100, Lexington, Kentucky 40507 (Attn: Joseph Scott, joseph.scott@skofirm.com; Adam M. Back, adam.back@skofirm.com and Jessica L. Haurylko, jessica.haurylko@skofirm.com); (ii) counsel to the Purchaser:  Dinsmore & Shohl

LLP, 255 East Fifth Street, Suite 1900, Cincinnati, Ohio 45202 (Attn: Michael G. Dailey, michael.dailey@dinsmore.com, Uday Gorrepati, uday.gorrepati@dinsmore.com, and Susan Zaunbrecher, susan.zaunbrecher@dinsmore.com); (iii) counsel to any official committee appointed in this case; (iv) counsel to Wilmington Trust Company, in its capacity as (a) Institutional Trustee and Delaware Trustee of the American Founders Statutory Trust I and (b) Debenture Trustee for the Fixed/Floating Rate Junior Subordinated Deferrable Interest Debentures Due 2036 ("Wilmington Trust"), Kilpatrick, Townsend & Stockton LLP, 1100 Peachtree Street NE, Suite 2800, Atlanta, Georgia 30309 (Attn: Todd C. Meyers, tmeyers@kilpatricktownsend.com and Shane G. Ramsey, sramsey@kilpatricktownsend.com) and DelCotto Law Group PLLC, 200 North Upper Street, Lexington, Kentucky 40507 (Attn: Laura Day DelCotto, ldelcotto@dlgfirm.com) and (v) the Office of the United States Trustee.

## **NOTICE**

11. The form and manner of notice of the Sale Notice, as described in the Sale Motion, shall be good and sufficient, and no other or further notice thereof shall be required, if given as follows:

(a) The Debtor shall, within three (3) business days of entry of this Bidding Procedures Order, serve a copy of the Sale Notice (substantially in the form attached as **Exhibit 2** hereto) (the "Sale Notice") by U.S. mail, postage pre-paid, upon the following parties: the U.S. Trustee for the Eastern District of Kentucky; the Debtor; all secured creditors of the Debtor, specifically, WPB-AFB, LLC and Dinsmore & Shohl, as counsel to WPB-AFB LLC; all unsecured creditors of the Debtor, specifically, Wilmington Trust Company in its capacity as (a) Institutional Trustee and Delaware Trustee of the American Founders Statutory Trust I and (b) Debenture Trustee for the Fixed/Floating Rate Junior Subordinated Deferrable Interest Debentures Due 2036 and Kilpatrick

6

Townsend & Stockton LLP, as counsel; all equity shareholders of the Debtor; the Internal Revenue Service; the Kentucky Revenue Cabinet; the Kentucky Department of Financial Institutions; the FDIC; the Securities and Exchange Commission; and the Federal Reserve Bank of St. Louis.

(b) The Debtor shall, within three (3) business days of entry of this Bidding Procedures Order, serve a copy of the Sale Notice and the Bidding Procedures by electronic mail, or U.S. mail, postage pre-paid, upon the approximately 110 parties who were contacted prepetition for purposes of marketing the Debtor and/or the Bank. The copy of the Sale Notice provided to these parties shall include, in bold and in a prominent position on the first page, the contact information for the Debtor's investment banker, as well as an invitation to conduct due diligence and participate in the sale process.

(c) Within ten (10) days after the date the Bidding Procedures Order is entered, or as soon thereafter as is practicable, the Debtor shall cause notice (substantially in the form of the notice attached hereto as **Exhibit 3**) to be published in the New York Times, the Lexington Herald Leader, and the Louisville Courier Journal (the "<u>Publication Notice</u>"). This Publication Notice shall constitute an additional component of the Sale Notice.

12. Notwithstanding Bankruptcy Rules 6004 and 6006 or otherwise, this Bidding Procedures Order shall be effective and enforceable immediately upon entry.

13. This Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Bidding Procedures Order.

14. Nothing contained in this Bidding Procedures Order shall be deemed to deprive any party in interest of the right to object to the Sale itself, all of which rights are expressly reserved by this Bidding Procedures Order.

Tendered by:

STOLL KEENON OGDEN PLLC

/s/ Adam M. Back
Adam M. Back
Jessica L. Haurylko
300 West Vine Street, Suite 2100
Lexington, Kentucky 40507
Telephone: (859) 231-3000
Facsimile: (859) 253-1093
E-mail: adam.back@skofirm.com
         jessica.haurylko@skofirm.com

*Interim Counsel for the Debtor and Debtor in Possession*

**Pursuant to KYEB LBR 9022-1(b), tendering counsel shall cause a copy of this Order to be served on all non-ECF parties entitled to notice and shall file a certificate of service stating the names, manner and date of service within 7 days of the entry hereof.**

115449.152190/4400374.3